IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jimmy Tucker, | ) | Civil Action No. 0:15-4021-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| L. R. Thomas, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that the Petition be dismissed with prejudice for lack of prosecution. The Court declines to adopt the Report and Recommendation and grants Respondent's motion to dismiss the Petition as moot.

Petitioner filed a Petition for habeas relief on September 28, 2015, asserting that he was being held past the expiration of his sentence due to a sentence calculation error. The Bureau of Prisons, he asserted, had not credited time his pretrial detention in a federal detention facility to his federal sentence. (*See* Dkt. No. 1.) The Clerk served the Petition on the United States Attorney on November 5, 2015. (Dkt. No. 8.) On November 18, 2015, Petitioner filed a letter requesting clarification of his sentence calculation. (Dkt. No. 9.) The following day, Petitioner was released from custody. (Dkt. No. 10 at 1.) Since his release from custody, Petitioner has not responded to any filings in this action.

Respondent moved to dismiss the Petition is moot on December 23, 2015, stating that Petitioner was released from Bureau of Prisons custody on November 19, 2015, via good conduct time. (Dkt. No. 10.). The Petition is unquestionably moot. The Petition challenges Petitioner's sentence, not his conviction, and Petitioner has been released from custody. *See Lane v. Williams*,

-2-

455 U.S. 624, 630–31 (1982) (holding that where a habeas petitioner attacks on the execution of his sentence and not the validity of his conviction, the completion of the sentence moots the habeas action).

On these facts, the Court finds it more appropriate to dismiss the Petition as moot than to dismiss it for lack of prosecution under *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). The *Chandler Leasing* factors are not met here. There is no prejudice to Respondent, because the alternative to dismissal for want of prosecution is to dismiss as moot. Petitioner has not proceeded in a dilatory fashion. He has ceased prosecution of this matter because he received the relief sought, possibly as a result of this action. Dismissal under *Chandler Leasing* is a sanction. 669 F.2d at 920. Court finds no sanctions are warranted here. While an attorney would be expected to notify the Court that an action has been settled, a *pro se* prison litigant could reasonably believe that his release from custody terminates his legal action seeking release from custody without further action on his part.

Therefore, the Court **DECLINES TO ADOPT** the Report and Recommendation (Dkt. No. 20), **GRANTS** Respondent's motion to dismiss (Dkt. No 10), and **DISMISSES AS MOOT** the Petition (Dkt. No. 1.).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 9, 2016
Charleston, South Carolina